(A. R. D. 66)

DUROCH LIMITED, INC. v. UNITED STATES

Entry No. 313007, etc.

First Division, Appellate Term

(Decided March 23, 1956)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the appellant.
*Warren E. Burger*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the appellee.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: This is an application for review of the decision and judgment of the trial court, Ekwall, J., involving the proper value applicable to certain Scotch-type whisky, exported from the Virgin Islands on or about August 4, 1941, and entered at the port of New York. *Duroch Limited, Inc.* v. *United States*, 33 Cust. Ct. 545, Reap. Dec. 8356.

It appears that the merchandise in question was shipped to this country and placed in the foreign trade zone at New York, from which it was subsequently withdrawn and entered for consumption between the dates of September 12, 1941, and March 25, 1942. Upon the withdrawal from customs custody, the importer paid the internal revenue taxes applicable thereon. At the time of its importation from the Virgin Islands and also at the time of its withdrawal from the foreign trade zone, the merchandise consisted of 108-proof blended Scotch-type whisky in barrels. Thereafter, appellant company reduced the proof of said Scotch-type whisky from 108 proof to 86 proof through the addition of water, and bottled, labeled, and cased the resulting product (twelve ⅘-quart bottles to the case). Each carton contained 2.4 wine gallons, which are equivalent to 2.064 proof gallons.

The imported merchandise was entered at a value of $7.75 per proof gallon, packed, and appraised on the basis of cost of production, as defined in section 402 (f) of the Tariff Act of 1930, at $4.051 per proof gallon, packed. The court below found the value returned by the appraiser to be the proper value for the merchandise.

Plaintiff-appellant contends here, as it did in the court below, that the proper value for the imported merchandise is $7.27 per proof gallon on the basis of United States value, as defined in section 402 (e)

of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

Appellant concedes that, if the court finds that no United States value existed at the time of exportation of the involved merchandise, the appraised value is correct, it having been agreed that there is no foreign or export value for said merchandise, as defined in section 402 (c) and (d) of the Tariff Act of 1930, as amended, *supra*.

As disclosed by counsel for the plaintiff at the hearing below, the unusual situation here presented, in which the appellant seeks a higher value than that at which the whisky was appraised, is due to the fact that the statute provides free entry for articles brought into the United States from the Virgin Islands "which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, * * *" (48 U. S. C. (1940 ed.) § 1394). In effect, therefore, the importer's purpose herein in claiming a higher value than that at which the merchandise was appraised is to uphold the attempted free entry of the merchandise, rejected by the collector, made by appellant under the exception provisions of section 1394 of the United States Code, *supra*, as a manufacture of the Virgin Islands, containing foreign materials valued at less than 20 per centum of their total value.

At the trial below, plaintiff introduced the testimony of the president of the plaintiff corporation, who stated that he had complete control of production and sales made by his firm. He testified that his company purchased Scotch malts, United States grain neutral spirits, and sherry in the United States and shipped them to the Virgin Islands, where the ingredients were blended and the resultant product aged for the plaintiff's account. He further stated that his company owned the ingredients and the finished product and paid for the blending of the ingredients.

Plaintiff's witness further testified that previously imported bottled Scotch-type 86-proof whisky was sold at and immediately prior to August 4, 1941, in the American market at $21.95 a case of 12 bottles, each case containing 2.4 wine gallons, or 2.064 proof gallons (R. 21). The witness thereupon testified as to the various amounts covering the previously imported merchandise with relation to the elements entering into United States value, as defined by section 402 (e), *supra*, viz, "allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery," commissions, profits, etc. Objection to all of this testimony was made on the part of Government counsel on the ground that no proof of similarity had been established between the merchandise here imported in bulk, with a proof of 108, and the previously imported bottled 86-proof whisky.

United States value (section 402 (e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938) is defined as follows:

The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

In our opinion, appellant's contention that the merchandise under consideration, namely, blended Scotch-type whisky of 108 proof, imported in bulk, should be appraised on the basis of the United States value of blended whisky of 86 proof, sold in the United States in bottles, is untenable.

United States value, as defined by section 402 (e) of the Tariff Act of 1930, can be established by such or similar goods which had been previously imported and were being freely offered for sale at the time of export of the goods being valued. *United States* v. *Sheldon & Co.*, 23 C. C. P. A. (Customs) 245, 249, T. D. 48108; *Stern Hat Co.* v. *United States*, 26 C. C. P. A. (Customs) 410, C. A. D. 48; *United States* v. *Collin & Gissel et al.*, 29 C. C. P. A. (Customs) 96, C. A. D. 176. See also *E. H. Corrigan* v. *United States*, 40 C. C. P. A. (Customs) 171, C. A. D. 514, and *E. H. Corrigan* v. *United States*, 33 Cust. Ct. 540, Reap. Dec. 8355.

It is well settled that merchandise is to be appraised in its condition as imported. *United States* v. *Joseph Fischer et al.*, 32 C. C. P. A. (Customs) 62, 67, C. A. D. 286, and *United States* v. *Citroen*, 223 U. S. 407. In the case at bar, the record discloses that, as imported, the merchandise consisted of 108-proof blended Scotch-type whisky in barrels. As testified to by plaintiff's witness below, the imported 108-proof blended whisky had an alcoholic content of 54 per centum, whereas the 86-proof blended whisky, which appellant maintains is similar or identical for valuation purposes to that imported, has an alcoholic content of 43 per centum. Plaintiff's witness testified that, prior to exportation of the imported merchandise, his company never made any bulk sales in barrels. The witness admitted that there had been sales of 108-proof blended whisky in bottles in the United States. The record discloses that 108-proof blended whisky put up in bottles would command a higher price than 86-proof whisky in bottles. The witness further admitted that 108-proof blended whisky has a higher cost than 86-proof blended whisky. The two classes of merchandise, in our opinion, are not "similar" for valuation

purposes and, thus, there is lacking a fundamental element of United States value, as defined by the statute. Further, the fact that, in the assessment of internal revenue taxes, the proof gallon is used as the unit of assessment is of no materiality in determining whether 86-proof blended whisky sold in bottles is similar for tariff purposes to blended whisky of 108 proof here imported in barrels.

In the case of *United States* v. *Iring Massin & Bros.*, 16 Ct. Cust. Appls. 19, T. D. 42714, our appellate court interpreted the word "similar," as used in section 402 of the Tariff Act of 1922, as follows:

> In view of the common meaning of the word "similar" and of the authorities cited, we are of opinion, and so hold, that if goods are made of approximately the same materials, are *commercially interchangeable*, are adapted to substantially the same uses, and are so used, ordinarily, they are similar, within the meaning of section 402 (b). * * * [Italics ours.]

The above construction was followed in later decisions. *United States* v. *Wecker & Co.*, 16 Ct. Cust. Appls. 220, T. D. 42837; *Scharf Bros. Co.* v. *United States*, 16 Ct. Cust. Appls. 347, T. D. 43089; *Japan Import Co.* v. *United States*, 24 C. C. P. A. (Customs) 167, T. D. 48642.

The imported 108-proof blended whisky, imported in bulk, is not commercially interchangeable with blended whisky of 86 proof sold in the United States in bottles. While, in the broad sense, the character of both types may be said to be the same in that they are both whiskies, this does not make them similar for valuation purposes. *United States* v. *Kraft Phenix Cheese Corp. et al.*, 26 C. C. P. A. (Customs) 224, C. A. D. 21.

In *United States* v. *Thomas & Co. (Dehler-Signoret Corp.)*, 21 C. C. P. A. (Customs) 254, T. D. 46788, the merchandise consisted of certain paper tubes and bobbins (used to hold yarn during the spinning, twisting, or warping processes in the textile industry), with slightly varying diameters, the tubes all containing corrugated rings, but some containing more of such corrugations than others, with some also more tapered than others. The court in that case held that commercial interchangeability was not an indispensable element in the determination of "similarity." However, the principle announced in that case has no bearing on our conclusion reached here. In the *Thomas* case, *supra*, the prices for the comparable goods and those for the imported goods were the same, although both kinds were not commercially interchangeable. In the case at bar, however, the prices of 108-proof whisky in barrels and 86-proof whisky, bottled and packed in cartons, differ sufficiently to justify the conclusion that they involve two different commercial products, even though the base price per proof gallon may be the same.

In reappraisement proceedings, every fact and intendment in support of the appraiser's valuation must be presumed, and the burden

of overcoming its presumed correctness, by substantial affirmative evidence, is upon the party questioning its correctness. *Kenneth Kittleson* v. *United States*, 40 C. C. P. A. (Customs) 85, C. A. D. 502. In the present case, appellant has failed to affirmatively establish not only that 86-proof blended whisky sold in bottles in this country is similar to the 108-proof blended whisky, imported in barrels, thus precluding a finding based on United States value, but has likewise failed to affirmatively establish that the appraised value is incorrect. We are in agreement with the conclusion reached by the trial court that the appraised value should be sustained. In view of our finding, we deem it unnecessary to discuss the arguments advanced by counsel for the appellant relative to certain allowances, properly deductible in the ascertainment of United States value.

On the record herein, we find as facts:

(1) That the merchandise in question consists of 108-proof blended Scotch-type whisky, imported in barrels from the Virgin Islands.

(2) That the said merchandise was appraised on the basis of cost of production, as defined in section 402 (f) of the Tariff Act of 1930, at $4.051 per proof gallon, packed.

We conclude as matters of law:

(1) That no previously imported merchandise "such" as or "similar" to the imported merchandise in its condition as imported, was offered for sale or sold in the United States at the time of exportation herein.

(2) That there is no United States value, as defined in section 402 (e) of the Tariff Act of 1930, as amended, *supra*, for the imported merchandise.

(3) It having been agreed that there is no foreign or export value for said merchandise, as defined in section 402 (c) and (d) of the Tariff Act of 1930, as amended, *supra*, and plaintiff-appellant having conceded that, if the court finds that no United States value existed at the time of exportation, the appraised value is correct, the appraised value is the proper value for the merchandise.

The decision and judgment of the trial court are in all respects affirmed.

Judgment will be entered accordingly.